UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASEN DERRY, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0361 AS |
| ) | |
| ED G. BUSS, ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM OPINION AND ORDER*

On or about June 14, 2005, *pro se* petitioner, Jasen Derry, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on September 26, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on January 19, 2006, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF in this district. The petitioner has been the subject of a prisoner disciplinary proceeding designated as LCC 04-12-0060, and was determined to be a habitual conduct rule violator. The sanctions included an earned credit time deprivation of 90 days and a suspended demotion from credit class I to credit class II. It is unlikely that the suspended demotion implicates

*Wolff v. McDonnell*, 418 U.S. 539 (1974). However, the earned credit time deprivation does implicate *Wolff,* and therefore this court must proceed. It would appear that the procedures demanded by *Wolff* have been followed and that the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

This prisoner seems to be making a claim under the equal protection clause of the Fourteenth Amendment of the Constitution of the United States. *See Loving v. Virginia*, 388 U.S. 1 (1967). *See also Washington v. Davis*, 426 U.S. 229 (1976), *Rasheed-Bey v. Duckworth*, 969 F.2d 357 (7th Cir. 1992), and *Smith v. Town of Eaton*, 910 F.2d 1469 (7th Cir. 1990). With no disrespect, it must be said in candor that the assertions of an equal protection violation here are not well taken. The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law which includes proceedings under the Adult Disciplinary Procedures. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997), and *Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).

Once again, this court is called upon to determine whether or not the Fifth Amendment

2

provision regarding double jeopardy in the Constitution of the United States applies to these prison disciplinary proceedings. This court has ruled that it does not. *See Rowold v. McBride*, 973 F.Supp. 829, 834 (N.D. Ind. 1997), and *Hundly v. McBride*, 908 F.Supp. 601 (N.D. Ind. 1995).

This court examined an array of exhibits which explicate the proceedings designated A through H, along with the filing made by Jason Derry on January 19, 2005. Much of the petitioner's filing appears to be directed toward a double jeopardy claim perhaps also clothed in the cloak of lack of evidence or due process. Much of it comes down to the concept of the sufficiency of evidence in these proceedings, as enunciated by the Court of Appeals in this circuit. Not intending to split judicial hairs with Mr. Derry, his citations of *State v. D.M.Z.*, 674 N.E. 2d 585 (Ind. App. 1996), *Clifft v. Indiana Department of State Revenue*, 660 N.E. 2d 310 (Ind. 1995), and Indiana Code 1-1-4-1(1), are not of much help to him.

On the basis of the relevant law, this court must conclude that this petitioner has not made a claim for violation of the Constitution of the United States in this proceeding as required by federal statute. Therefore, the petition is **DENIED**. **IT IS SO ORDERED**.

DATED: February 28th, 2006

        S/ ALLEN SHARP
        **THE HONORABLE ALLEN SHARP**
        **JUDGE, UNITED STATES DISTRICT COURT**